Drake, Ch. J.,
delivered the opinion of the court :•>
Among the earliest suits brought in this court was that having the above title, the petition therein having been filed on the 27th of July, 1855.
On the 7th of December, 1863, the suit was dismissed for *360 want of prosecution; and from that date until some time in 1872, there was nothing done by the claimants to obtain a removal of the dismissal and the restoration of the case to the docket.
It appears from an affidavit made by Thomas Wilson, esq., that he was employed in the case, and prepared a motion to set aside the dismissal, with an affidavit in support thereof, and intended to, and believes he did, near the close of the term of 1871 — that is, about May, 1872 — send the papers to the clerk of this court for filing; and he supposed the motion would be for hearing at the opening of the term of 1872 in December; but he is now informed by the clerk that he knows nothing about them ; and a diligent search for the papers has been without success in finding them.
The motion is now again made to set aside the order of dismissal and re-instate the case, and it is supported by an affidavit made by Bradhurst Schieffelin, the effect of which is to show that the prosecution of the suit had been neglected by the original attorneys in the case, Messrs. Platt & Stewart.
From that affidavit it appears that he employed Platt & Stewart in 1854; that he continued to have interviews and correspondence with them in regard to the case and the prosecution thereof until 1866; that, owing to the delays experienced, nd the unsatisfactory nature of the information derived from them, he endeavored to obtain the papers relative to the claim from them, and get released from his contract to pay them a portion of the proceeds of the claim; and that, in reply to his last request on that subject, he received a letter from Charles H. Stewart in February, 1866, which is now lost, and no copy thereof retained; but the affiant avers that therein said Stewart assured him that the claim was still pending before this court, and that he had faithfully attended to the same.
The affidavit further states that never after the date of said Stewart’s letter did he see or hear from him or the said firm ; and that up to the time of his sailing for Europe in March, 1866, he did not receive from Platt & Stewart any intimation that his case had been dismissed for want of prosecution.
From March, 1866, up to the year 1870, the affiant was in Europe. What time in 1870 he returned to this country does not appear.
In 1871, but what time in the year is not shown, he learned *361 for the first time that the suit had been dismissed, receiving his information from the clerk of this court. Meantime Platt & Stewart had disappeared, and he could nowhere find them.
On the 22d of April, 1872, he made the affidavit which Mr. Wilson supposed, was filed.
These are substantially the facts presented as a ground for sustaining the present motion.
We are far from being disposed to dismiss any claimant’s case without giving him an opportunity to be heard upon its merits; but parties in this court, as in every other, should be held to some diligence in the prosecution of their suits.
This party has not shown any such diligence as entitles him to the favorable consideration of the court.
The impression produced by his affidavit upon our minds is, that for a considerable length of time before he went to Europe he was dissatisfied with his attorneys, but took no efficient measures to press his case to trial.
He was absent from this country about four years, and left no one here to look after those attorneys and urge the case to a trial.
And after his return from abroad he allowed nearly, if not quite, two years to elapse before he took any steps toward that result.
If a party so sleeps upon his rights, he has no cause of complaint if he loses his standing in court.. Lex vigilantibus non dormientibus subvenit.
The motion to set aside the order of dismissal is overruled.